68 F.3d 482
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Leonard Martin RUBIDOUX, Defendant-Appellant.
 No. 94-50455.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 15, 1995.
Decided Oct. 16, 1995.
 
 1
 Before: BROWNING and PREGERSON, Circuit Judges, and TANNER,* District Judge
 
 
 2
 MEMORANDUM**
 
 
 3
 We affirm Leonard Martin Rubidoux's conviction for armed bank robbery.
 
 I. Evidentiary Rulings
 A. Suppression of Evidence
 
 4
 Accepting, arguendo, Rubidoux's contention that his encounter with Detective Spidle constituted a nonconsensual seizure, we nonetheless agree with the district court's conclusion that Detective Spidle had probable cause to arrest Rubidoux. Probable cause to arrest exists when "the facts and circumstances within the arresting officer's knowledge are sufficient to warrant a prudent person to believe a suspect has committed ... a crime." United States v. Hoyos, 892 F.2d 1387, 1392 (9th Cir. 1989). The fact that Detective Spidle recognized Rubidoux in the bank surveillance photos easily conferred probable cause. Because Detective Spidle would have been justified in arresting Rubidoux for the bank robbery, it follows that he did not violate Rubidoux's Fourth Amendment rights by taking the less intrusive approach of photographing him and then letting him go.
 
 
 5
 B. Expert Testimony Regarding Eyewitness Identification
 
 
 6
 The district court did not err by refusing to admit the proffered expert testimony of Dr. Kathy Pezdek of the Claremont Graduate School of Psychology regarding the accuracy of eyewitness identification. Because the district court concluded that Dr. Pezdek's testimony would not assist the jury, it did not abuse its discretion in rejecting the testimony. See United States v. Rincon, 28 F.3d 921, 923 (9th Cir. 1994).
 
 C. Bowlin's Testimony
 
 7
 The district court did not abuse its discretion in finding the testimony of John Bowlin relevant.[1] Evidence is relevant if it tends "to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Bowlin's testimony indicated that Rubidoux knew how to ride a bicycle, the robber's chosen means of escape, and tended to explain the discrepancy between Rubidoux's clean-shaven appearance and the surveillance photos, which indicated the bank robber had a moustache. The tattoo testimony was relevant to the government's theory that the robber had chosen to wear a long-sleeved shirt on a hot day in order to hide physical features that would have made it easier to identify him. The tattoo evidence was not unduly prejudicial; Rubidoux's assumption that jurors would equate tattoos with criminal behavior is highly suspect.
 
 II. Sufficiency of the Evidence
 
 8
 Finally, we reject Rubidoux's contention that there was insufficient evidence to support his conviction. In addition to Bowlin's testimony, the jury was provided with bank surveillance photos that showed Rubidoux leaving the bank, and the teller who was robbed identified the man in the surveillance photo as the robber. The bank's branch manager, moreover, provided police with an accurate description of Rubidoux immediately following the robbery and later picked him out of a photospread.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The Honorable Jack E. Tanner, Senior Judge, United States District Court for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We also reject Rubidoux's contention that Bowlin should have been barred as a witness because some of his testimony had been excluded pursuant to Federal Rule of Evidence 404(b). Rule 404(b)'s prohibition on the use of "prior bad acts" excludes certain kinds of testimony, not certain kinds of witnesses. Although Bowlin was barred from testifying that Rubidoux had assaulted him with a gun, the district court's ruling did not disqualify him as a witness
 Nor did Bowlin's appearance deny Rubidoux his constitutional right to confront and cross-examine witnesses. The only constraint on Rubidoux's cross-examination of Bowlin was a strategic one: Rubidoux could not impeach Bowlin regarding his alleged bias without opening the door to testimony about the assault. As we have previously held, a litigant's trial strategy does not provide a basis for excluding otherwise admissible evidence. See United States v. Perkins, 937 F.2d 1397, 1404-05 (9th Cir. 1991).